FILED
DEC 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith, 52962-019
Federal Prison Camp        Plaintiff,
POB 150160
Atlanta, GA 30315
V.

CASE NUMBER 1:06-CV02197
JUDGE: Unassigned
DECK TYPE: FOIA/Privacy Act
DATE STAMP: 12/26/2006

CASE REASSIGNED
TO: ROBERTS, J. Ruth
June 12, 2007

UNITED STATES MARSHALS SERVICE,[1]
                    Defendant.

## CIVIL COMPLAINT

COMES NOW, Gary L. Smith, Pro Se Plaintiff, and hereby submits this COMPLAINT, pursuant to the Freedom of Information Act, Title 5 U.S.C. § 552, and the Privacy Act, Title 5 U.S.C. § 552a.

---

[1]. The United States Marshals Service qualifies as an "agency" under Title 5 U.S.C. §§ 551(1) and 552(f). See Peralta v United States Attorney's Office, 136 F.3d 169, 173-74 (1998).

RECEIVED
NOV 2 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

— 1 —

## JURISDICTION

1. This Court has jurisdiction pursuant to Title 5 U.S.C. §§ 552(a)(4)(B) and 552a(g)(1)(B).

## PARTIES

2. The Plaintiff, Gary L. Smith is a Citizen of Florida, committed as a prisoner to the custody of the United States federal government, who at all times relevant to this action, was warehoused at various locations of the Federal Bureau of Prisons. The Plaintiff currently lives at: P.O. Box 150160; Atlanta, Georgia 30315. His federal registration number is: 52962-019

3. The Defendant, the United States Marshals Service, is a federal agency (within the definations set forth in Title 5 §§ 551(1) and 552(f)). It has offices located at: Department of Justice, Washington DC 20530-1000.

## CLAIM

4. On September 29, 2006, the Plaintiff mailed a Freedom of Information Act (Title 5 U.S.C. § 552) and Privacy Act (Title 5 U.S.C. § 552a) request (via certified Mail # 7006 0810 0002 1918 8423) to the Defendant requesting information about the U.S. Marshals and documents relating to a seizure from the Northern District of Georgia.

5. On October 17, 2006, the Defendant acknowledged the Plaintiff's request. The Defendant did not request an extension of time, nor a reduction in scope of the request.

6. On November 20, 2006, the Plaintiff deemed the lack of response by the Defendant as an exhaustion of his administrative remedies, pursuant to Title 5 U.S.C. §§ 552(a)(6)(E)(iii) and 552a(g)(1)(B).

7. Pursuant to Title 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a(g)(1)(B), the Plaintiff is seeking judicial review.

8. For the purposes of filing, the Petitioner states this Complaint is given to prison officials for mailing on November 20, 2006, therefore the "filed" date should reflect November 20, 2006 as the date filed. See Houston v. Lack 487 U.S. 266 (1988).

## RELIEF REQUESTED

9. The Plaintiff is requesting this Court compel the Defendant to fulfill the Plaintiff's FOIA/PA request within ten (10) days of this Court's order;

10. The Defendant bear all costs and fees associated with this action and costs of complying with this Court's order, pursuant to Title 5 U.S.C. § 552(a)(4)(E); and

—3—

11. Any other relief deemed by this Honorable Court.

Respectfully submitted

Date: 20-Nov-06

*[signature]*

Gary L Smith, Pro Se

#52962-019
P.O. Box 150160
Atlanta, Georgia 30315

—4—