UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY L. SMITH,<br><br>　Plaintiff,<br><br>　v.<br><br>UNITED STATES MARSHALS SERVICE,<br><br>　Defendant. | Civil Action No. 06-2197<br>　　　　　　　　DAR |

## SUPPLEMENTAL ORDER

Pending before the Court is Defendant's motion to dismiss or for summary judgment. Because Defendant's motion could potentially dispose of the case, the Court will advise the *pro se* Plaintiff of his obligations under the Federal Rules of Civil Procedure and the rules of this Court, in accordance with the dictates of this Circuit.   See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988); Ham v. Smith, 653 F.2d 628 (D.C. Cir. 1981); Hudson v. Hardy, 412 F.2d 1091 (D.C. Cir. 1968).

Plaintiff's attention is directed to Rule 12(b) of the Federal Rules of Civil Procedure, which states, in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Plaintiff's attention is also directed to Rules 56(c) of the Federal Rules of Civil Procedure, which states, in pertinent part:

Smith v. United States Marshals Service	2

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(c). In addition, Rule 56(e) provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. **If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.**

FED. R. CIV. P. 56(e) (emphasis added).

Motions for summary judgment are also governed by Local Civil Rule 7(h), which provides as follows:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. <u>An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated</u>, which shall include references to the parts of the record relied on to support the statement. Each such motion and opposition must also contain or be accompanied by a memorandum of points and authorities required by sections (a) and (b) of this Rule. **In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted,**

Smith v. United States Marshals Service                                                                                   3

> **unless such a fact is controverted in the statement of genuine
> issues filed in opposition to the motion.**

LCvR 7(h) (emphasis added).  Any factual assertions in the Defendant's affidavits may be accepted by the court as being true unless Plaintiff submits his own affidavits or other evidence contradicting the assertions.  <u>Neal v. Kelly</u>, 963 F.2d 453, 457 (D.C. Cir. 1992).

Additionally, the plaintiff is directed to Rule 6(e) of the Federal Rules of Civil Procedure which provides:

> Whenever a party must or may act within a prescribed period
> after service and the service is made [by mail or by other means
> consented to in writing by the person served], 3 days are added
> after the prescribed period would otherwise expire.

FED. R. CIV. P. 6(e) .

Finally, the Court may treat as conceded any motion not opposed within the time limits outlined in this Order.  Alternatively, the Court may consider on the merits any motion not opposed within the time limits outlined in this Order.  Thus, failure to respond to the defendant's motion in this case carries with it the risk that this case will be dismissed or that judgment will be entered for the defendants.  It is hereby

**ORDERED** that Plaintiff shall file his response to Defendant's motion to dismiss or for summary judgment no later than **December 14, 2007**.  If Plaintiff does not respond by that date, the Court will treat the motion as conceded and may dismiss the case.

November 13, 2007                                               /s/
                                                                                    DEBORAH A. ROBINSON
                                                                                    United States Magistrate Judge