IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith, )
         Plaintiff, )
)
v. ) Case No.: 1:06-cv-02197 ~~(RWR)~~ DAR
)
)
UNITED STATES MARSHALS SERVICE, )
         Defendant. )

RECEIVED
DEC 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS OR FOR SUMMARY JUDGEMENT

COMES NOW, Gary L. Smith, Pro Se Plaintiff, and hereby submits his opposition to Defendant's motion to dismiss, or for summary judgement. The Plaintiff avers the Defendant's motion should be denied in its entirety and the Defendant should be compelled to disclose all documents in their possession immediately.

Mailbox Rules

The United States Supreme Court has ruled that a petition, motion or other pleadings filed by a prisoner is considered "filed" on the day the prisoner drops such in the prison mailbox or gives it to prison personnel for mailing to the Court. See: Houston v. Lack, 487 US 266 (1988); Fallen v. United States, 378 US 139 (1964).

ISSUE ONE: Whether Plaintiff was required to actually, not constructively, exhaust his administrative remedies.

1. The Defendant contends they received the Freedom of Information Act ("FOIA") request on October 12, 2006. This is untrue. The United States Postal Records indicate the FOIA request was received on October 10, 2006. (See certified mail number 7006 0810 0002 1918 8423).

- 1 -

2. Title 5 U.S.C. § 552(A)(6)(A) binds an agency to comply with the request within twenty (20) days after receipt of the FOIA request. A simple acknowledgement letter does not satisfy this duty. See <u>Virginia Transformer Corp. v. U.S. Dept of Energy</u>, 628 F.Supp 944 at 947 (W.D. Va 1986) for elements required in a response.

3. First, arguendo, say the Plaintiff was requried to appeal this "acknowledgement". The Defendant failed in its duty to notify the Plaintiff "of the right of such person to appeal the head of the agency any adverse determination". Title 5 U.S.C. § 552 (a)(6)(A)(i).

4. Secondly, arguendo, if the twenty (20) day clock reset on October 17, 2006, it would expire on November 15, 2006. Therefore, any response after November 15, 2006 would be out of time. However, the Plaintiff maintains this twenty (20) day clock expired on November 8, 2006. The Plaintiff maintains the twenty (20) day clock started when the Defendant received the request, on October 10, 2006.

5. Either way, the Plaintiff filed suit on November 20, 2006. See <u>Mailbox Rules</u>. The Plaintiff placed the complaint into the prison officials hands on November 20, 2006, as noted on the last page of the complaint.

6. The lack of a timely response by the Defendant allowed the Plaintiff to declare his administrative remedies as exhausted and proceed directly to court to obatin relief. This is exactly what the Plaintiff has done in this instant case at bar.

ISSUE TWO:   The United States Marshal Service has failed to provide documents from one of its agents in a related seizure

7. In the Defendant's response, document 15-7, page 4, states that Cameron D. Roe is a special deputy of the United States Marshal Service.

8. On Page 12 of the same document, Agent Roe admitted to identification

- 2 -

of a woman from Carnesville, Georgia. Agent Roe interviewed Adrianne Jones (see Exhibit "A", affidavit of Adrianne Jones) on or about the end of January 2002.

9. Since Agent Roe is a United States Marshal, he conducted an interview of Adrianne Jones and he conducted an investigation of the Plaintiff (see Document #15-7, page 14), the Plaintiff is seeking the investigative notes, documents and records made by United States Marshal Cameron D. Roe.

ISSUES THREE: Obmitted from the Defendant's Background synopsis is the reasoning behind the FOIA request

10. In the Eighth Circuit Court of Appeals (Case No. 06-3507), the Plaintiff is challenging his conviction through Title 28 U.S.C. § 2255 (Habeas Corpus). One of his grounds is that Agent Cameron D. Roe, a Special Deputy U.S. Marshal, lied on his application and affidavit for search warrant. Also, in the Northern District of Georgia (Gainsville), USA v. Smith, case number 02-MJ-026, the Plaintiff is challenging the seizure of property by the government.

11. The gist of the Plaintiff's arguments are (the Plaintiff is not litigating these here, but is stating them for this Court to get a better understanding of how the Plaintiff has come to seek these records):

12. Agent Cameron D. Roe, a Special Deputy US Marshal lied about evidence from Chicago. The United States Postal Service did a forensic testing (see Exhibit "B") on the Plaintiff's computers and found that the images on the Plaintiff's computers were not illegal. (C.f. to Document #15-7, page 11-12, ¶16).

13. The Defendant stated the Plaitiff is seeking "copies of the photographs of one of [the Plaintiff's] young victims." The Plaintiff avers there is no such thing. Agent Cameron D. Roe stated in paragraph 17 he had photographs

identified as Adrianne Jones. However, Adrianne Jones has sworn in an affidavit (A. Jones Affidavit, supra.) was interviewed by Agent Roe. ID at ¶2. Ms. Jones confirmed the photographs alleged by Agent Roe were not of her. Id at ¶3. Ms. Jones identified the images of then nineteen year old Anna Redo, from Chicago. Id at ¶ 4. Ms. Jones confirms that Agent Cameron D. Roe, Special Deputy United States Marshal lied on his affidavit (Id at ¶5) and is outraged by the government's conduct (Id at ¶8).

14. Agent Cameron D. Roe, Special Deputy United States Marshal stated he has various other reports. However, in Agent Roe's testimony in the Eights Circuit on April 21, 2003, he denied that anyone made reports.

## Conclusion

The United States Marshal Service employes Cameron D. Roe. Agent Roe's testimony was used to convict the Plaintiff. The Plaintiff has a right to the information he seeks. It is unclear why the Defendant wants to hide the information Cameron D. Roe had in connection to the Plaintiff, except to cover up the lies told by Cameron D. Roe.

Therefore, this Court should deny the Defendant's motion in its entirity and compel the Defendant to produce the records sought by the Plaintiff.

I, Gary L. Smith, declare under the penalty of perjury under the laws of the United States of America, that all of the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted,

Date: 13-Dec-07

_____
Gary L. Smith, Pro Se
#52962-019
P.O. Box 34550
Memphis, Tennessee 38184-0550

## A F F I D A V I T

I, Adrianne Jones, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

1) Agent Cameron Roe interviewed me and my parents, Steve and Michelle Jones, at the end of January of 2002, in Athens, Georgia.

2) During this interview, I was shown a series of photographs of a young woman in various stages of undress.

3) I confirmed to Agent Roe that the photographs were not of myself.

4) I identified this young woman as Anna Redo, from Chicago, Illinois.

5) The statement made by Agent Roe (Exhibit #1, Item #17 from Agent Roe's affidavit sworn on April 18, 2002), is false. Agent Roe knew, as a result of the interview involving myself, that the photographs were not of me.

6) Gary Smith's attorney, John Woodard, never contacted me to discuss the possibility of me testifying on Mr. Smith's behalf.

7) Eva Stencil presented herself as a mother of a young woman interested in modeling with Mr. Smith. During this meeting, Ms. Stencil asked Mr. Smith if he would photograph her underage daughter nude if she asked. Mr. Smith told Eva Stencil that if that is what she wanted, she had chosen the wrong photographer.

8) In a personal letter (Exhibit #2), I stated to Gary Smith:

   "I am absolutly, horrified and speachless about the Quote and statements said or typed in the affidavit!

   You need to tell those people they have lost their mind! and make up too much bull shit

   You have NEVER EVER TAKEN ANY PIX OF ME OR ANY NUDE OR EXPLIT FASHION - WHERE IS THEIR PROOF!   GRRRR!

   Damn, I am so tied of this on going shit. I will tell the world, even take a polygraph test to testify, you have never taken any.

I declare under the penalty of perjury that the foregoing is true and correct.

Date: Jan 19, 2006             By: Adrianne Jones
                                   Adrianne Jones

to be executed at the defendant's residence, located at 2919 West Balmoral, Chicago, Illinois, resulting in the seizure of twelve (12) computers. A subsequent forensic examination of the computers revealed several images of child erotica and child pornography. The examination also revealed that SMITH maintained cataloged files of all of his models, including their biographical information.

17. Some of the images described above were titled "adrianne14" and depicted what appeared to be photographs of a fully clothed young girl. However, additional photographs in this same series depicted the same young girl, naked and engaged in acts of self masturbation. FBI subsequently made a positive identification of the young girl and determined that she is fourteen (14) years of age and lives in Carnesville, Georgia. Agents also located a series of images of "Adrianne" on SMITH'S website, described in paragraph 15, above.

18. On December 11, 2001, the Georgia Bureau of Investigations (GBI) reported that it had received a tip that SMITH, a registered sex offender, runs a website called Photostudio17.com. According to the GBI, SMITH solicits photographs of girls to upload to the website.

19. On February 18, 2002, a reporting party contacted the National Center for Missing and Exploited Children and reported that SMITH has a "golden collection" which the reporting party has not seen. According to the reporting party, SMITH advised that he

9

Really does love me. But I'm waiting for something else. hmmm. But I'm doing some work in Chicago this month get paid only $100 now though.

Anyway, my mom absolutely hates you and requested I stop speaking to you.

I am absolutly horrified, and speechless about the quote and statements said or typed in the affidavit.

you need to tell those people, they have lost their mind, and make up too much bull shit.

You have NEVER EVER TAKEN ANY PIX OF ME IN ANY NUDE OR EXPLICIT FASHION — WHERE IS THEIR PROOF! Grrrr!

Damn, I am so tired of this on going shit. I will tell the world, even take a polygraph test to testify, you have never taken any.

Exhibit "B"

Smith v. United States Marshals Service

1:06-cv-02197

Exhibit "B"

Report from United States Postal Service



United States Postal Inspection Service
Restricted Information

Case Summary Report
Case Number: 0731-1349273-CE(1)

Print Date: 05/23/(
Print Time: 13:17.0

Page 1 of
Requestor: USPIS\DAKepcha

*DAKepchar* — Inspector's Name Signature/Date — MAY 23 2005

*Debora A. Hams* — Reviewer's Name & Signature/Date — 5/23/05

**Assigned To:** KEPCHAR, DAVID A
**Division:** 305-CHICAGO
**Office:** CHICAGO IL 60625-0000
**Date of Jacketing:** 11/14/2001

**WRN:** 3916
**Team No.:** 0606

**Date Closed:** MAY 23 2005
**FY:** 2002

**Case Description (Subject Narrative):**
INVESTIGATION INTO PRODUCTION AND DISTRIBUTION OF CHILD EROTICA UNDER BUSINESS OFFERING TEEN MODELING OPPORTUNITIES FOR GIRLS. ALLEGED MANUFACTURE OF CHILD PORNOGRAPHY BY CHILD MODELS UNDER AGE OF 16.

**Other Agencies / Task Forces**

| Agency Name |
|---|
| Cook County Sheriff's Police Department |
| Federal Bureau of Investigation |
| Federal Bureau of Investigation - Kansas City, MO |
| US Postal Inspection Service |

**Prosecutor(s) Office**

| | Prosecutor(s) Name |
|---|---|
| | |

**Suspects**

| ISN | Name | SSN | DOB | Sex | Race |
|---|---|---|---|---|---|
| | | | | | |

**Subjects**

| ISN | Name | SSN | DOB | Type |
|---|---|---|---|---|
| 1196508 | SMITH, GARY LEE | 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 | 06/20/1966 | Case Subject |
| 1196510 | IMAGINEERING INC | | | Suspect Business - Promotion |

United States Postal Inspection Service
Restricted Information

Case Summary Report
Case Number: 0731-1349273-CE(1)

Print Date: 05/23/
Print Time: 13:17.

Page 2 of
Requestor: USPIS\DAKepch

## Summary of Credited Events

| CreditedDate | EventCode |
|---|---|
| 09/17/2004 | Investigation Details |
| 09/17/2004 | Investigation Details |
| 09/17/2004 | Link Case to Agency |
| 09/17/2004 | Link Case to Agency |
| 09/17/2004 | Link Case to Agency |
| 02/22/2005 | Link Case to Agency |
| 04/05/2005 | Change Case Subject Relation Type |
| 04/05/2005 | Change Case Subject Relation Type |
| 05/23/2005 | Request for Case Closing |



United States Postal Inspection Service
Restricted Information

Print Date: 05/23/05
Print Time: 13:17.03

## Case Summary Report
### Case Number: 0731-1349273-CE(1)

Page 4 of 5
Requestor: USPIS\DAKepchar

stand alone computers not connected to the network. Investigation focused on a lead that a private series of digital photographs existed known as the "Golden Collection." There was no conclusive finding of child pornography images. Review and examination of seized materials disclosed that images were of child erotica rather than child pornography.

Due to limited resources by the Inspection Service to forensically examine the extensive and complex network of the remaining ten (10) computers, and not finding a direct nexus to mailing child pornography, the seized computers were transferred to the FBI on May 30, 2002 to complete examination.

Based on complaints and information disclosed by former teen models, investigative focus shifted to locating and identifying alleged victims of molestation by Smith during photography sessions. Independent of investigation in Chicago, but in coordination with FBI field offices, FBI special agents from the Kansas City, MO Field Office had initiated investigation during February 2001, based on a complaint that a 12-year old girl was a victim of Smith taking nude photographs of her during a modeling session. Cross reference FBI case file no. 305A-BA-80998-E6522-KC assigned to lead case agent, A-SSA John Brunell.

b7D    b7C

Continued interviews with former teen models identified another former model, named ▬▬▬ of Boulder City, NV 89005, who as a minor, had been approached by Smith to pose in sexually explicit photographs. Witness ▬▬▬ met with Las Vegas domicile Inspector G.D. Boyakins and without explanation, voluntarily turned over a CD-ROM containing images of teen models in explicit poses allegedly taken by Smith.

This CD-ROM was logged into evidence under Form 715, Evidence Tag No. A00854970. Review and analysis of this disk found 41 jpg digital images of unidentified nude juvenile females (ages not determined). Six images depicted two girls engaging in direct physical sexual contact with an unidentified adult white male. This compilation of digital still photographs is believed to be Smith's "Golden Collection." The original CD-ROM was transferred to the FBI CART ITS/FE in Kansas City, MO for examination at the request of Federal prosecutors in preparation for trial charging Smith with Sexual Exploitation of Children, then later transferred for permanent retention by the prosecution.

Prosecution was lead by AUSA Katharine Fincham, in U.S. District Court, Western District of Missouri (Joplin) under Criminal Docket No.: 3:02-CR-05019-All;
Case Title: USA v. Smith; Defendant: Gary Lee Smith. Smith was indicted on March 28, 2002 charging violations of 18 USC 2251 and 2252 Sexual Exploitation of Children/Minors. A warrant was issued by the court, and Smith was arrested on May 8, 2002. A two day bench trial was held on April 21 and 23, 2003 by the Honorable Judge Richard E. Dorr. Smith was found guilty on all three indictment counts. Smith was sentenced on October 20, 2003, committed to custody of BOP for 235 months on the indictment counts, followed by 5 years supervised release, and pay $20,800 to victim restitution.

b7D

Witness ▬▬▬ summoned to testify as a government witness, but was not called upon. Images contained on the CD-ROM disk she provided contained sexually explicit photographs taken by Smith of 12 year old victim, ▬▬▬ The same victim photographs, obtained by another FBI source, were used as trial evidence.    b7D

Case submitted for closing without reporting of statistical events. Although significant Inspection Service contributions were made, there was no direct nexus to the use of the mails in the commission of crimes committed by Gary Lee Smith.

Reported by Team Leader Inspector David A. Kepchar
CE Team No. 0606 Chicago Division

09/17/2004

---
Entered By:USPIS\DAKepchar On:9/17/2004 10:46:25 AM
---

Event: Link Case to Agency
Agency Name: Other
City: Kansas City
State/Province: MO
Country:

United States Postal Inspection Service
Restricted Information

Print Date: 05/23/0[ ]
Print Time: 13:17.03

Case Summary Report
Case Number: 0731-1349273-CE(1)

Page 3 of 5
Requestor: USPIS\DAKepchar

| Date | Activity |
|---|---|
| 09/17/2004 | ON NOVEMBER 13, 2001, POSTAL INSPECTORS AND SPECIAL AGENTS FROM THE FBI FIELD OFFICE, EXECUTED A FEDERAL SEARCH WARRANT ON PROPERTY IN THE POSSESSION OF THE COOK COUNTY ILLINOIS SHERIFF'S POLICE DEPARTMENT, SEIZED BY THEM ON A STATE SEARCH WARRANT, PURSUANT TO INVESTIGATION THAT GARY LEE SMITH WAS OPERATING A TEEN MODELING BUSINESS INVOLVING CHILDREN AS YOUNG AS 14 YEARS OLD. SMITH IS A REGISTERED SEX OFFENDER WITH A VICTIM UNDER THE AGE OF 18, ORIGINATING FROM A STATE OF ARKANSAS CRIMINAL CONVICTION DURING 1998. -- THE COOK COUNTY SHERIFF'S POLICE INITIATED INVESTIGATION BASED ON A TELEPHONE COMPLAINT RECEIVED DURING APRIL 2001, AND SUBSEQUENT COMPLAINTS SUBMITTED TO THE ILLINOIS STATE POLICE SEZ OFFENDER REGISTRATION DEPARTMENT, REPORTING A WEBSITE OPERATED BY GARY SMITH DISPLAYING YOUNG TEEN EROTICA. INDEPENDENT OF THE SHERIFF'S POLICE INVESTIGATION, FBI SPECIAL AGENTS FROM THE KANSAS CITY MO FIELD OFFICE HAD INITIATED INVESTIGATION DURING FEBRUARY 2001, BASED ON A COMPLAINT THAT A 12 YEAR OLD GIRL WAS A VICTIM OF GARY SMITH TAKING NUDE PHOTOGRAPHS OF HER DURING A MODELING SESSION. -- DURING OCTOBER 2001, THE INSPECTION SERVICE MIDWEST DIVISION, ST. LOUIS, MO OFFICE, BECAME INVOLVED BASED ON THE COMPLAINT OF A 16 YEAR OLD GIRL, THAT GARY SMITH HAD TAKEN "INAPPROPRIATE" PHOTOGRAPHS OF HER DURING MODELING SESSIONS. AT THE REQUEST OF THE U.S. ATTORNEY'S OFFICE, NORTHERN DISTRICT OF ILLINOIS, ON NOVEMBER 7, 2001, POSTAL INSPECTORS AND FBI AGENTS FROM CHICAGO WERE CALLED UPON TO JOINTLY CONDUCT AN INVESTIGATION INTO THE COMPLAINTS TO DETERMINE IF GARY SMITH WAS MANUFACTURING AND DISTRIBUTING CHILD PORNOGRAPHY THROUGH HIS BUSINESS ENTERPRISE. -- GARY L. SMITH OPERATES WEBSITES, WWW.IMGR.COM AND WWW.PHOSTUDIO17.COM AND AN INTERNET CHATROOM THROUGH YAHOO!GROUPS, NAMED PSTUDIO17 - PHOTOSTUDIO17 FAN CLUB, UNDER THE BUSINESS NAME IMAGINEERING, INC., CHICAGO, IL. HE OFFERS ON-LINE SUBSCRIPTION ACCESS TO MODEL PORTFOLIOS AND SELLS AND DISTRIBUTES TEEN-AGE GIRL MODELING PHOTOGRAPHS AND VIDEOS ON CD-ROM AND VIDEO RECORDING OF MODELING SESSIONS ON VHS TAPES. -- ITEMS SEIZED INCLUDED 14 COMPUTERS AND SERVERS LINKED TO A NETWORK SUPPORTING THE TEEN MODELING BUSINESS ENTERPRISE. BY AGREEMENT WITH THE LOCAL FBI FIELD OFFICE, THE INSPECTION SERVICE WILL CONDUCT THE COMPUTER FORENSICS TO SEARCH FOR DIGITAL EVIDENCE OF CHILD PORNOGRAPHY AND RELATED RECORDS OR CORRESPONDENCE. INSPECTOR GREG CAOUETTE, FIELD PROGRAM MANAGER DIGITAL EVIDENCE IS BEING CALLED UPON TO UNDETAKE THE EXAMINATION AND ANALYSIS OF THE OVERWHELMING AMOUNT OF RECORDS AND FILES CONTAINED IN SUCH LARGE DATA BASES. -- APPRECIATION IS EXTENDED TO INSPECTOR BECKY POWERS, MIDWEST DIVISION FOR CONDUCTING A THOROUGH INTERVIEW WITH THE 16-YEAR OLD GIRL, CONTRIBUTING TO THE PROBABLE CAUSE SUFFICIENT TO SUPPORT ISSURANCE OF THE SEARCH WARRANT. |

----------------------------------------------------------------
Entered By:USPIS\DAKepchar On:9/17/2004 1:48:59 PM
----------------------------------------------------------------

Limited attention has been given to this investigation since case jacketing following the seizure of Internet business computers used by Subject Gary Lee Smith for the sales and distribution of erotic teen modeling photographs and videos. On October 27, 2001, the Cook County Sheriff's Police executed a state warrant on the business/residential premises of Smith. On site search examination by Inspector Robert A. Williams found materials suggesting the manufacture and distribution of erotic photography and videos of young teen girls, under the age of 18 by use of the mails and Internet subscription services.

The state search warrant inventory was transferred from the Cook County Sheriff's Police by Federal Search Warrant applied for by Chicago FBI SA Tracie E. Keegan assigned to the Crimes Against Children squad. This transfer occurred on November 13, 2001. Joint investigation was agreed upon in partnership with the Chicago FBI Field Office as the lead agency, and the Inspection Service Chicago Division sponsored Child Exploitation Task Force, which included the Cook County Sheriff's Police.

County law enforcement sought the assistance of federal agency resources to conduct computer forensic examination of fourteen (14) computers and servers linked to a network supporting the teen modeling enterprise. Due to extensive FBI CART examination back logs, our agency initially supported forensics on the computers. Inspector Ronnie Redus, Computer Forensics Analyst completed examination on four (4)



## Case Summary Report
### Case Number: 0731-1349273-CE(1)

Page 5 of 5
Requestor: USPIS\DAKepchar

| Date | |
|---|---|
| 09/17/2004 | Country: |

Entered By:USPIS\DAKepchar On:9/17/2004 10:47:00 AM

Event: Link Case to Agency
Agency Name: Federal Bureau of Investigation-Chicago, IL
City: Chicago
State/Province: IL
Country: UNITED STATES

09/17/2004

Entered By:USPIS\DAKepchar On:9/17/2004 10:47:39 AM

Event: Link Case to Agency
Agency Name: Cook County Sheriff's Police Department-Maywood, IL
City: Maywood
State/Province: IL
Country:

02/22/2005

Entered By:USPIS\DAKepchar On:2/22/2005 11:30:01 AM

Event: Link Case to Agency
Agency Name: US Postal Inspection Service-Chicago, IL
City: Chicago
State/Province: IL
Country: UNITED STATES

04/05/2005 — The Case Subject Relation type for GARY LEE SMITH, ISN : 1196508, was changed from Suspect to Case Subject.
04/05/2005 — The Case Subject Relation type for IMAGINEERING INC, ISN : 1196510, was changed from Unknown to Suspect Business - Promotion.
05/23/2005 — Request for Case Closing:No Further Action
05/23/2005 — Case Closing is approved. Case Status and Case Resolution is changed.

## Narrative Reports

| Date | Type | Document Name | Subject(s) |
|---|---|---|---|
| 04/05/2005 | text/richtext | Response to HQ Counsel FOIA Request April 2005.rtf | |
| 09/17/2004 | application/octet-stream | CAR Narrative - Final for Case Closing Sep 2004.doc | |
| 09/17/2004 | application/octet-stream | Lab Request - Digital Evidence Gary Smith CD-R.doc | |

## Certificate of Service

I, Gary L. Smith, hereby certify that a true and correct copy of the foregoing has been sent via First Class, Postage Pre-Paid mail using the United States Postal Service by depositing the foregoing into the institutional legal mail system on this 13th day of December 2007 and addressed to the following parties:

United States District Court
attn: Clerk of the Court
333 Constitution Avenue, NW
Washington, DC  20001

Christopher B. Harwood
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC  20530

Executed on: 13-Dec-07

By: _____
Gary L. Smith