UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY SMITH, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action 06-2197 (DAR) |
| UNITED STATES MARSHALS SERVICE, | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

In its opening brief, Defendant argued that Plaintiff's Complaint, which asserts claims arising under the Freedom of Information Act ("FOIA"), should be dismissed because: (1) Plaintiff failed to exhaust his administrative remedies prior to filing suit; and/or (2) Defendant responded adequately to Plaintiff's FOIA requests. (See Def. Opening Br. at 10-22 (Docket No. 15).) Plaintiff, in his opposition brief, asserts that: (1) he was not required to actually exhaust his administrative remedies prior to filing this lawsuit (see Pl. Opp'n Br. at 1-2 (Docket No. 26)); and (2) Defendant failed to respond adequately to his FOIA requests because it did not produce to him certain "investigative notes, documents and records" (see id. at 2-4).

Defendant continues to believe that, for the reasons stated in its opening brief, the filing of this lawsuit was premature. (See Def. Opening Br. at 12-13.) However, this Court need not reach that issue because—as demonstrated below—Defendant plainly provided an adequate response to Plaintiff's FOIA requests. Because Defendant responded adequately to Plaintiff's FOIA requests, Plaintiff's Complaint should be dismissed.

## SUMMARY OF THE RELEVANT FACTS

On September 29, 2006, Plaintiff sent a letter to Defendant in which he requested that Defendant disclose, pursuant to FOIA: (1) the provisions of the "Code of Federal Regulations that define and govern the U.S. Marshal[s] Service" (the "USMS"); and (2) "information relating to [him]self and property seized" from him in the Northern District of Georgia. (Def. Ex. A.)[1] Plaintiff included in his letter a "Seizure Number" for the property at issue. (Id.) Defendant received Plaintiff's request on October 12, 2006, and informed Plaintiff by letter dated October 17, 2006 that it had "commenced a search for documents responsive to [the] request." (Def. Exs. A, B.) With respect to Plaintiff's request for "information relating to [him]self and property seized" from him in the Northern District of Georgia, Defendant searched the Department of Justice's Consolidated Asset Tracking System ("CATS")—"the automated database for seized and forfeited property"—for responsive documents located in the Northern District of Georgia, as well as in Defendant's central Asset Forfeiture Office. (Bordley Decl. ¶¶ 4, 5, 7.)[2] In conducting the search, Defendant used both Plaintiff's name and the "Seizure Number" he had provided.[3] (Id. at ¶ 7.)

Defendant provided Plaintiff with its substantive response to his September 29, 2006 FOIA request in a letter dated November 20, 2006. (Def. Ex. C.) In that letter, Defendant stated that it: (1) was "releasing to [Plaintiff] a two page public record [from the Code of Federal Regulations] which describes the functions of the USMS"; and (2) had been unable to locate any seized asset records pertaining to Plaintiff based on the information he had provided. (Id.)

---

[1] Citations in the form of "(Def. Ex. __)" refer to exhibits attached to Defendant's opening brief.
[2] Citations in the form of "(Bordley Decl. ¶__)" refer to paragraphs in the Declaration of William E. Bordley, which Defendant attached to its opening brief.
[3] The "Seizure Number" turned out "to be invalid." (Bordley Decl. ¶ 7.)

Defendant further stated that if Plaintiff were to "provide [it] with additional information, e.g., an asset description or a [CATS] identification number," it would "conduct a new search for information." (Id.)

Upon receiving Defendant's November 20, 2006 response, Plaintiff sent Defendant a second FOIA request, dated December 4, 2006, in which he clarified that he was seeking the disclosure not of seized asset records, but rather, of documents relating to, and the location of evidence seized during, a search of his former residence pursuant to a warrant dated April 18, 2002 (the "April 18, 2002 Search Warrant"). (Def. Ex. D.) Defendant received this second request on December 8, 2006, and informed Plaintiff by letter dated December 15, 2006 that it had "commenced a search for documents responsive to [the] request." (Def. Exs. D, E.) In connection with this request, Defendant searched the databases on which it stores information concerning its investigation of criminal matters and execution of warrants—the Prisoner Processing and Population Management/Prisoner Tracking System ("PPM/PTS") and the Warrant Information Network ("WIN")—for responsive documents located in the Northern District of Georgia (where Plaintiff resided and the April 18, 2002 Search Warrant was executed) and the Western District of Missouri (where Plaintiff was arrested). (Bordley Decl. ¶¶11-13; see Supp. Bordley Decl. ¶¶9-10.)[4] Defendant searched these databases using the address where the April 18, 2002 Search Warrant was executed, as well as Plaintiff's name, social security number and/or USMS registration number. (Bordley Decl. ¶14; Supp. Bordley Decl. ¶9.) Defendant also searched the CATS database for responsive documents using Plaintiff's former address (having already searched the CATS database using his name). (See Bordley Decl. ¶15; Supp. Bordley Decl. ¶¶9-10.)

---

[4] Citations in the form of "(Supp. Bordley Decl. ¶__)" refer to paragraphs in the Supplemental Declaration of William E. Bordley, which is attached hereto.

3

Defendant provided Plaintiff with its substantive response to his December 4, 2006 FOIA request in a letter dated January 22, 2007.  (Def. Ex. F.)  In that letter, Defendant informed Plaintiff that it:  (1) had "located 91 pages of documents" responsive to his request; (2) was referring one of those pages, which had "originated with the Federal Bureau of Prisons (BOP)," to the BOP for a "disclosure determination"; and (3) was "grant[ing him] access to the remaining 90 pages."  (Id.)  Of the 90 pages, Defendant released 56 pages in their entirety.  (Bordley Decl. ¶16.)  The other 34 pages were redacted pursuant to exemption 7(C) of FOIA, 5 U.S.C. § 552(b)(7)(C), to remove the names, addresses and/or telephone numbers of government employees and other third-parties.  (Bordley Decl. ¶16.)  The one page that Defendant had referred to the BOP for a "disclosure determination" has since been released to Plaintiff in redacted form.  (Id. at ¶21.)

In response to Plaintiff's FOIA requests, Defendant searched all sources of information within its control that were likely to contain responsive materials.  (See Supp. Bordley Decl. ¶10 ("[T]he databases and/or systems of records searched . . . were the only sources of USMS records reasonably likely to contain information responsive to plaintiff's request[s].").)  There are no sources of information—other than the ones searched—that are likely to have contained responsive materials.  (See id. at ¶¶10-11 ("Any records pertaining to plaintiff and required to be maintained by the USMS would be located through a search of . . . CATS, PPM/PTS, and WIN.").)

## ARGUMENT

An agency fulfills its obligations as to a particular FOIA request if it conducts a search that is "'reasonably calculated to uncover all relevant documents.'"  Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999); see Oglesby v. U.S. Dep't of the Army, 920

4

F.2d 57, 68 (D.C. Cir. 1990) ("[T]he agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."). The search must include only those "place[s] that responsive records are likely to be located"; it need not include "every record system." Oglesby, 920 F.2d at 68 (emphasis added).

Here, Defendant clearly satisfied its obligations with respect to Plaintiff's FOIA requests. As discussed above (see supra 2-4), Defendant responded to Plaintiff's FOIA requests by reasonably construing those requests and by searching all sources of information within its control that were likely to contain responsive documents—namely, the Code of Federal Regulations and the CATS, PPM/PTS and WIN databases—using appropriate search terms. (See Bordley Decl. ¶¶4, 5, 7, 11-15; Supp. Bordley Decl. ¶¶4, 9-11.) See also Oglesby, 920 F.2d at 68 (agency must search all sources of information "that are likely to turn up the information requested"); Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice, 405 F. Supp. 2d 3, 5 (D.D.C. 2005) (concluding that the agency conducted an adequate search because its "declarations set forth the terms and nature of [its] search and, perhaps even more significantly, they state[d] that the locations most likely to contain responsive documents were extensively searched."). Moreover, Plaintiff has now received each and every responsive document that Defendant uncovered through its searches.[5] (See Bordley Decl. ¶21.) Thus, there is nothing more that Defendant was—or is—obligated to do in response to Plaintiff's FOIA requests.

---

[5] Although some of the responsive documents were redacted pursuant to exemption 7(C) of FOIA, Plaintiff does not appear to be challenging any of those redactions in this litigation. Indeed, there is no mention of the redactions in Plaintiff's opposition brief. (See Pl. Opp'n Br. at 1-4.) In any event, the redactions were clearly appropriate. (See Def. Opening Br. at 18-22; Bordley Decl. ¶20.)

Plaintiff, however, argues in his opposition brief that Defendant's searches were inadequate because they failed to uncover (and, thus, Defendant has failed to produce) certain "investigative notes, documents and records made by United States Marshal Cameron D. Roe"— the individual whose affidavit led to the issuance of the April 18, 2002 Search Warrant. (Pl. Opp'n Br. at 3; see id. at 4.)  Plaintiff's argument is unavailing.  It is settled law that "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search."  Iturralde v. Comptroller of the Currency, 315 F.3d 311, 315 (D.C. Cir. 2003); see Dipietro v. Executive Office for U.S. Attorneys, 357 F. Supp. 2d 177, 182 (D.D.C. 2004) ("An agency's unsuccessful search for records that once may have existed does not render the search inadequate.").  Here, as discussed above, Defendant searched (using appropriate search terms) all sources of information that were likely to contain documents responsive to Plaintiff's FOIA requests, and thus fulfilled its obligations under FOIA.[6]

Notably, Plaintiff has provided no evidence that there exist additional, undisclosed "investigative notes, documents and records" created by Mr. Roe in Defendant's possession, custody or control.  Indeed, it would be surprising if there were any such documents given that Mr. Roe "is not a USMS employee"; he "is employed by the Roswell Police Department."[7] (Supp. Bordley Decl. ¶8.)  Plaintiff's bald assertions as to the existence of undisclosed documents are insufficient to impugn the adequacy of Defendant's searches.  See Iturralde, 315

---

[6] Courts are not to judge the adequacy of a FOIA search by the nature of the documents it uncovers because "particular documents may have been accidentally lost or destroyed, or a reasonable and thorough search may have missed them."  Iturralde, 315 F.3d at 315.

[7] The documents to which Plaintiff cites to support his claim that there exist such additional, undisclosed documents establish no such thing.  (See Pl. Opp'n Br. at 5 (Adrianne Jones Aff.) (stating that Mr. Roe interviewed Ms. Jones and her parents); Def. Ex. D at 11 (stating that Mr. Roe obtained information during his investigation of Plaintiff that does not appear in his affidavit in support of the April 18, 2002 Search Warrant).)

F.3d at 316 ("[m]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them"); Oglesby, 920 F.2d at 68 n.13 ("hypothetical assertions are insufficient to raise a material question of fact with respect to the adequacy of the agency's search"); Responsibility & Ethics in Wash., 405 F. Supp. at 5-6 (rejecting plaintiff's assertion that additional documents must exist "given the magnitude of the [alleged] scandal" that was the subject of his FOIA request).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court GRANT its Motion to Dismiss or, in the Alternative, for Summary Judgment, and DISMISS Plaintiff's Complaint with prejudice.

Dated: January 14, 2008         Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

　　　　　　　　　　　　　　　　　　　　/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

　　　　　　　　　　　　　　　　　　　　/s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

**Of Counsel:**

William E. Bordley, Esq.
Associate General Counsel
United States Marshals Service
Washington, D.C. 20530

## CERTIFICATE OF SERVICE

      I hereby certify that on January 14, 2008, I caused a copy of the foregoing to be served via first class prepaid postage as follows:

**Gary L. Smith**
#52962-019
P.O. Box 34550
Memphis, Tennessee 38184

                                                 /s/
                                    Christopher B. Harwood

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY L. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No: 06JV02197 |
| ) | |
| UNITED STATES MARSHALS SERVICE ) | |
| ) | |
| Defendants. ) | |
| ) | |

## SUPPLEMENTAL DECLARATION

I, William E. Bordley, hereby make the following supplemental Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am an Associate General Counsel and Freedom of Information/Privacy Act Officer of the United States Marshals Service (USMS), assigned to the Headquarters, Office of General Counsel, Arlington, Virginia. I am experienced with the procedures for responding to requests made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a, for information maintained in the records and files of the USMS. The USMS Headquarters Office of General Counsel (OGC) is responsible for processing all FOI/PA requests made to any USMS office located throughout the United States pursuant to USMS policy.

2. This Declaration supplements the July 11, 2007 Declaration of William E. Bordley, and addresses the search conducted by the USMS for records pertaining to plaintiff, including the property seized from him, and the adequacy of that search.

3. By letter dated September 29, 2006 (Request No. 2007USMS9963), plaintiff submitted a request for the Code of Federal Regulations that define and govern the U.S. Marshals Service and records pertaining to, and property seized, from him. Plaintiff's request referenced his name and a seizure number, and identified the USMS office in the Northern District of Georgia (Atlanta) as the judicial district where property was allegedly seized from him. (See Declaration of William E. Bordley (Bordley 1) dated July 11, 2007, Exhibit A).

4. Based on the information in plaintiff's request, the USMS conducted a search for seized property records pertaining to plaintiff in the Northern District of Georgia and extended the search to the Headquarter's Asset Forfeiture Office (AFO) since this office administers the Asset Forfeiture Program for managing and disposing of seized and forfeited property. The AFO and Northern District of Georgia conducted their respective searches using the plaintiff's name and seizure number provided by plaintiff as search terms, but were unable to locate any responsive records based on the information provided by plaintiff in his request.

5. By letter dated November 20, 2006, the USMS informed plaintiff that it was releasing a two (2) page public record (the Code of Federal Regulations) describing the USMS functions, (28 C.F.R. § 0.111, et seq.), and that no responsive records were located by the AFO and Northern District of Georgia office. This letter also informed plaintiff that if he provided additional information, e.g., an asset description or a Consolidated Assets Tracking System (CATS) identification number, the USMS would conduct a new search for information. (See Bordley 1, Exhibit B).

6. The USMS suggested the plaintiff provide the afore-mentioned information because such information could assist the AFO and Northern District of Georgia office in possibly

locating information responsive to plaintiff's request.

7. By letter dated December 4, 2006 (Request No. 2007USMS10081), plaintiff submitted a new request for documents concerning him and his property, including the location and/or disposition of property seized, as it pertained to a search warrant, Case No. 2:02-MJ-026. Attached also to plaintiff's request was an Application and Affidavit for Search Warrant, Case No. 2:02-M-026, prepared by Cameron D. Roe, which identified the property location of 4417 Waterworks Road, Jackson County, Georgia. (See Bordley 1, Exhibit D).

8. Cameron Roe is employed by the Roswell Police Department and is not a USMS employee. Officer Roe was specially deputized for an FBI Task Force.

9. The USMS conducted a new search for records in the USMS AFO office and in Northern Georgia, and extended its search for records to include the USMS office in the Western District of Missouri since it was determined that plaintiff was arrested in that judicial district. This search was conducted using the additional information provided by plaintiff as search terms, as well as plaintiff's name, social security number, and USMS registration number.

10. Based on the nature of the request and the additional information provided by plaintiff, the USMS determined that the databases and/or systems of records searched, i.e., Consolidated Assets Tracking System (CATS), Prisoner Processing and Population Management/Prisoner Tracking System (PPM/PTS), and Warrant Information Network (WIN), as fully explained in my previous declaration at paragraph 12, were the only sources of USMS records reasonably likely to contain information responsive to plaintiff's request. Any records pertaining to plaintiff and required to be maintained by the USMS would be located through a

search of the indices and files relating to these databases and/or systems of records (CATS, PPM/PTS, and WIN).

11. As a result of the search of the WIN and PPM/PTS systems of records, 91 pages of criminal records indexed to plaintiff were located in the Northern District of Georgia and Western District of Missouri. The USMS located no seized property records. The USMS has conducted a search of its records reasonably calculated to locate records responsive to plaintiff's FOIA/PA request.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my information and belief.

*[signature]*

_____
WILLIAM E. BORDLEY
ASSOCIATE GENERAL COUNSEL/FOIPA OFFICER

Dated: JAN 11 2008